Case 7:25-cr-01723   Document 1   Filed on 08/05/25 in TXSD   Page 1 of 10

United States Courts
Southern District of Texas
FILED

August 05, 2025

Nathan Ochsner, Clerk of Court

81

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. M-25-1723 |
| ROLANDO SANTIAGO BENITEZ<br>SANDRA POPE SOLIS<br>LESLEY CHAVEZ<br>BERNARDO GOMEZ, JR.<br>EDGAR DE LA GARZA | § § § § § | |

**SEALED INDICTMENT**

**THE GRAND JURY CHARGES:**

**General Allegations**

1. In early 2020, the Small Business Administration (SBA) began offering Economic Injury Disaster Loans and Paycheck Protection Program loans in response to the Coronavirus pandemic. The loans were intended to help small businesses overcome temporary revenue loss caused by the pandemic.

2. The Economic Injury Disaster Loans (EIDL) program permitted loan proceeds to be used by businesses to meet financial obligations, incurred in normal course of the business operations, that the business could not meet due to COVID-19. The funds were not to be used to expand the business or for personal expenses. Investment in stocks, equities or other investment products were not a permissible use of the EIDL proceeds.

3. EIDL applications are received, reviewed, and processed by the SBA directly.

4. The Paycheck Protection Program (PPP) permitted loan proceeds to be used for employee payroll that business could not meet due to COVID-19. The funds were to be used strictly for payroll and were not to be used to expand the business or for personal expenses.

Investment in stocks, equities or other investment products was not a permissible use of the PPP proceeds.

5. PPP loan applications are received, reviewed, and processed through SBA-approved, federally insured lenders.

6. The Loan Authorizations and Agreements for each of the programs stated the loans were to be used by the business as working capital to alleviate economic injury caused by the pandemic. Applicants were required to attest that the funds would be used to retain workers and maintain payroll, make business-related mortgage payments, pay business-related rent, pay business-related utilities, pay other operational expenditures, and cover other business-related costs, as specified in the application and consistent with EIDL and PPP loan guidance.

*Rolando Santiago Benitez*

7. ROLANDO SANTIAGO BENITEZ is the owner and manager of RB Solutions Tech LLC, a cable installation company located in Harlingen, Texas.

8. Beginning in or around September of 2020, ROLANDO SANTIAGO BENITEZ, alongside other individuals known and unknown to the Grand Jury, devised a scheme whereby he would fraudulently obtain EIDL and PPP loans through the SBA and use the proceeds for personal gain.

9. To further the scheme, the gross revenue figure was inflated and tax and related business documents were altered prior to submission in order to increase the approvable loan amount.

10. On September 10, 2020, ROLANDO SANTIAGO BENITEZ made, or caused to be made, false and fraudulent statements on an EIDL application for RB Solutions Tech LLC, by promising to use the loan for legitimate business purposes.

11. On September 11, 2020, ROLANDO SANTIAGO BENITEZ's EIDL application was funded by the SBA and $150,000 was deposited into RB Solutions Tech LLC's business account.

12. On May 20, 2021, ROLANDO SANTIAGO BENITEZ made, or caused to be made, false and fraudulent statements on a PPP Borrower Application Form for RB Solutions Tech LLC by promising that the loan will be used only for business-related purposes. This application was submitted to Texas National Bank headquartered in Edinburg, Texas, a federally insured lender.

13. On June 21, 2021, the PPP loan was approved and funded by Texas Nationl Bank and $81,600 was deposited into RB Solutions Tech LLC's business account.

14. Shorly after receiving the funds, ROLANDO SANTIAGO BENITEZ utilized a portion of the EIDL and PPP loan proceeds to fund an invesment account for his own enrichment.

15. On December 10, 2021, ROLANDO SANTIAGO BENITEZ submitted, or cuased to be submitted, a PPP loan forgiveness form, fraudulently attesting that he had complied with SBA rules related to eligible uses of PPP loan proceeds.

*Sandra Pope Solis*

16. SANDRA POPE SOLIS owns and controls several event planning businesses in the Rio Grande Valley, to include Designs by Sandra, LLC and Along Came Sandra.

17. Beginning in or around December of 2020, SANDRA POPE SOLIS, alongside other individuals known and unknown to the Grand Jury, devised a scheme whereby she would fraudulently obtain EIDL and PPP loans through the SBA and use the proceeds for personal gain.

18. To further the scheme, the number of employees claimed on the applications were inflated and tax and related business documents were altered prior to submission in order to increase the approvable loan amount.

19. On December 16, 2020, SANDRA POPE SOLIS made, or cuased to be made, false and fraudulent statements on an EIDL application for Along Came Sandra, by promising to use the loan for legitimate business purposes.

20. On December 22, 2020, SANDRA POPE SOLIS' EIDL application was funded by the SBA and $140,300 was deposited into the newly created Along Came Sandra business account.

21. On May 25, 2021, SANDRA POPE SOLIS made false and fraudulent statements on a PPP Borrower Application Form for Designs by Sandra, LLC by promising that the loan will be used only for business-related purposes. This application was submitted to Lone Star National Bank headquartered in Edinburg, Texas, a federally insured lender.

22. On May 27, 2021, the PPP loan was approved and funded by Lone Star National Bank and $65,700 was deposited into Designs by Sandra, LLC's business account.

23. After receiving each of the deposits, SANDRA POPE SOLIS utilized the EIDL and PPP loan proceeds to pay for various personal expenses.

24. On July 27, 2021, SANDRA POPE SOLIS submitted, or caused to be submitted, a PPP loan forgiveness form, fraudulently attesting that she had complied with SBA rules related to eligible uses of PPP loan proceeds.

*Lesley Chavez & Bernardo Gomez, Jr.*

25. LESLEY CHAVEZ and BERNARDO GOMEZ, JR. are the owners and operators of multiple enertainment and services companies in the Rio Grande Valley, inclduing Dream Weddings RGV, LLC, Ambiance Flowers and Rentals LLC, and Brand Boosters Co. LLC.

5

26. Beginning in or around June of 2020, LESLEY CHAVEZ and BERNARDO GOMEZ, JR., together and alongside other individuals known and unknown to the Grand Jury, devised a scheme whereby they would fraudulently obtain EIDL and PPP loans through the SBA and use the proceeds for personal gain.

27. To further the scheme, the number of employees claimed on the applications were inflated and tax and related business documents were altered prior to submission in order to increase the approvable loan amount.

28. On June 10, 2020, LESLEY CHAVEZ made, or caused to be made, false and fraudulent statements on an EIDL application for Dream Weddings RGV, LLC, by promising to use the loan for legitimate business purposes.

29. On June 11, 2020, the EIDL application was funded by the SBA and $150,000 was deposited into Dream Weddings RGV, LLC's business account.

30. Shorly after receiving the funds, LESLEY CHAVEZ and BERNARDO GOMEZ, JR. utilized the proceeds to purchase equipment for Brand Boosters Co. LLC, a printing company owned and operated by BERNARDO GOMEZ, JR., unrelated to Dream Weddings RGV.

31. On May 20, 2021, LESLEY CHAVEZ made false and fraudulent statements on a PPP Borrower Application Form for Ambiance Flowers and Rentals LLC by promising that the loan will be used only for business-related purposes. This application was submitted to Texas National Bank headquarted in Edinburg, Texas, a federally insured lender.

32. On May 26, 2021, the PPP loan was approved and funded by Texas Nationl Bank and $40,800 was deposited into Ambiance Flowers and Rentals LLC's business account.

33. Immediately after receiving the deposit, a portion of the proceeds were transferred to LESLEY CHAVEZ's personal banking account and used for personal expenses and investments.

34. On November 4, 2021, LESLEY CHAVEZ submitted, or caused to be submitted, a PPP loan forgiveness form, fraudulently attesting that she had complied with SBA rules related to eligible uses of PPP loan proceeds.

35. On May 20, 2021, BERNARDO GOMEZ, JR. made, or caused to be made, false and fraudulent statements on a PPP Borrower Application Form for Brand Boosters Co. LLC by promising that the loan will be used only for business-related purposes. This application was submitted to Lone Star National Bank headquarted in Edinburg, Texas, a federally insured lender.

36. On May 27, 2021, the PPP loan was approved and funded by Lone Star National Bank and $20,800 was deposited into Brand Booster Co. LLC's business account.

37. After receiving the funds, BERNARDO GOMEZ, JR. utilized a portion of the PPP loan proceeds to fund a crytocurrency account for his own enrichment.

38. On July 26, 2021, BERNARDO GOMEZ, JR. submitted, or caused to be submitted, a PPP loan forgiveness form, fraudulently attesting that he had complied with SBA rules related to eligible uses of PPP loan proceeds.

*Edgar De La Garza*

39. EDGAR DE LA GARZA is one of the owners of River Valley Investment Group, LLC, a real estate and investment company located in Rancho Viejo, Texas.

40. Beginning in or around January of 2021, EDGAR DE LA GARZA, alongside other individuals known and unknown to the Grand Jury, devised a scheme whereby he would fraudulently obtain PPP loans through the SBA and use the proceeds for personal gain.

41. To further the scheme, tax and related business documents were altered prior to submission in order to increase the approvable loan amount.

42. On May 20, 2021, EDGAR DE LA GARZA made, or caused to be made, false and fraudulent statements on a PPP Borrower Application Form for River Valley Investment Group, LLC by promising that the loan will be used only for business-related purposes. This application was submitted to Texas National Bank headquarted in Edinburg, Texas, a federally insured lender.

43. On May 26, 2021, the PPP loan was approved and funded by Texas National Bank and $36,600 was deposited into River Valley Investment Group, LLC's business account.

44. After receiving the funds, EDGAR DE LA GARZA transferred the PPP loan proceeds to a different business account, unrelated to River Valley Investment Group, LLC to use for his own enrichment.

45. On August 24, 2021, EDGAR DE LA GARZA submitted, or caused to be submitted, a PPP loan forgiveness form, fraudulently attesting that he had complied with SBA rules related to eligible uses of PPP loan proceeds.

**Counts One through Eight**
**(Wire Fraud 18 U.S.C. 1343)**

Beginning in or about June of 2020 and continuing through in or about November of 2021, in the Southern District of Texas and elsewhere, the Defendants,

**ROLANDO SANTIAGO BENITEZ**
**SANDRA POPE SOLIS**
**LESLEY CHAVEZ**
**BERNARDO GOMEZ, JR.**
**and**
**EDGAR DE LA GARZA**

did each knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent

8

pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

## PURPOSE OF SCHEME AND ARTIFICE

It was a purpose of the scheme and artifice for defendant to obtain, through false and fraudulent pretenses, representations, and promises, money from the SBA and/or federally insured, SBA-backed financial institutions via a wire transfer. The Defendants fraudulently represented that they would utilize the loan proceeds to meet financial obligations incurred in normal course of the business, including employee payroll, that business could not meet due to the Coronavirus pandemic. In truth, the Defendants utilized the funds received for his/her own use, not for legitimate business purposes as required by the programs.

## USE OF THE WIRES

On or about each of the dates set forth in the Counts below, in the Southern District of Texas, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud, and to obtain money from the victims by means of materially false and fraudulent pretenses, representations, and promises, the Defendants set forth below did knowingly cause to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Defendant(s) | Date (on or about) | Amount | Institution Transferred From | Account Transferred To |
|---|---|---|---|---|---|
| 1 | Rolando Santiago Benitez | 9/11/2020 | $150,000 | The Small Business Administration | Capital One x8199 |
| 2 | Rolando Santiago Benitez | 6/21/2021 | $81,600 | Texas National Bank | Capital One x8199 |
| 3 | Sandra Pope Solis | 12/22/2020 | $140,300 | The Small Business Administration | Chase Bank x6678 |
| 4 | Sandra Pope Solis | 5/27/2021 | $65,700 | Lone Star National Bank | Lone Star National Bank x1809 |
| 5 | Lesley Chavez and Bernardo Gomez, Jr. | 6/11/2020 | $150,000 | The Small Business Administration | Vantage Bank x3910 |
| 6 | Lesley Chavez | 5/26/2021 | $40,800 | Texas National Bank | Vantage Bank x8792 |
| 7 | Bernardo Gomez, Jr. | 5/27/2021 | $20,800 | Lone Star National Bank | Lone Star National Bank x2344 |
| 8 | Edgar De La Garza | 5/26/2021 | $36,600 | Texas National Bank | Plains Capital Bank x7400 |

In violation of Title 18, United States Code, Section 1343 and 2.

## NOTICE OF CRIMINAL FORFEITURE
*18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)*

The Government hereby provides notice that, upon conviction of any offense alleged in this sealed indictment, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction, shall be forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

## MONEY JUDGMENT

Defendant is notified that, upon conviction, a monetary judgment may be imposed equal to the total value of the property subject to forfeiture.

## SUBSTITUTE ASSETS

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission any defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY

11